IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00456-PAB

THE KONG COMPANY, LLC,
a Colorado limited liability company,

    Plaintiff,

v.

NINA OTTOSSON, an individual,
ZOO ACTIVE PRODUCTS AB, a Swedish company, and
THE COMPANY OF ANIMALS, LLC,
a Connecticut limited liability company,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on plaintiff The Kong Company, LLC's motion for default judgment [Docket No. 7]. The motion is fully briefed [Docket Nos. 12, 13] and ripe for disposition.

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55: first, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson*, No. 95-7019, 1995 WL 365988 at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2nd Cir. 1981)); *Nasious v. Nu-Way Real Estate*, No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008). Failure to successfully complete the first step of

obtaining an entry of default necessarily precludes the granting of default judgment at step two. See *Williams*, 1995 WL 365988 at *1; *Nasious*, 2008 WL 659667, at *1.

Plaintiff brings its motion pursuant to Rule 55(b) without having first requested an entry of default from the Clerk of the Court pursuant to Rule 55(a). Therefore, "plaintiff's request for a default judgment . . . must be denied as premature." *AAA National Maintenance v. City and County of Denver*, No. 09-cv-00007-REB-MEH, 2009 WL 1799127, at *1 (D. Colo. June 23, 2009). It is

**ORDERED** that plaintiff's motion for default judgment [Docket No. 7] is DENIED.

DATED September 15, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge