IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00456-PAB-CBS

THE KONG COMPANY, LLC,
a Colorado limited liability company,

      Plaintiff,

v.

NINA OTTOSSON, an individual,
ZOO ACTIVE PRODUCTS AB, a Swedish company, and
THE COMPANY OF ANIMALS, LLC,
a Connecticut limited liability company,

      Defendants.

---

## SCHEDULING ORDER

---

## 1. DATE OF CONFERENCE
## AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The Scheduling Conference was held on Monday, February 28, 2011.  The following individuals were present:

> Todd P. Blakely, Esq.
> James M. Burke, Esq.
> Sheridan Ross P.C.
> 1560 Broadway, Suite 1200
> Denver, CO 80202

> Representing Plaintiff The Kong Company, LLC ("Kong").

> Darren W. Saunders, Esq.
> Alpa V. Patel, Esq.
> Hiscock & Barclay LLP
> Seven Times Square
> New York, NY  10036

Representing Defendants Nina Ottosson ("Ottosson") and Zoo Active Products AB ("ZAP") via telephone.

## 2. STATEMENT OF JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

## 3.   STATEMENT OF CLAIMS AND DEFENSES

### a.  Plaintiff:

Kong is a premier manufacturer of pet toys and pet toy accessories in the United States. Kong's products include, among various others, the Kong Wobbler ("Wobbler").  The Wobbler is a dog toy incorporating the classic Kong shape and Kong's trade dress, is generally designed to be knocked about by a dog (or other pet) and dispense treats or food as a result of the interaction with the dog.

Ottosson is the sole named inventor on United States Patent No. 6,526,912 entitled "WEIGHTED ANIMAL FOOD DISPENSER" ("the '912 patent").  The '912 patent was issued by the United States Patent and Trademark Office on March 4, 2003.

Ottosson is the owner of ZAP, which markets, sells and/or distributes pet products, including a dog toy marketed under the name "Dog Pyramid" which is purportedly covered by one or more claims of the '912 patent.

In response to threats of infringement, Kong initiated the present declaratory judgment action.  Kong asserts that it does not infringe the '912 patent and asserts that the '912 patent is invalid.  Kong further believes that it has the right to continue making and selling the Wobbler without a license from Ottosson.

**b.  Defendants:**

Nina Ottosson, a citizen of Sweden, is the inventor of a unique pet toy that is designed to be filled with pet treats or pet food, which is dispensed as the pet plays with or moves the dispenser.  The dispenser is designed such that it returns to an upright position upon being pushed or swatted by an animal, for example by a pet's paw.  Ms. Ottosson is the owner of United States Letters Patent No. 6,526,912, entitled "Weighted Animal Food Dispenser," issued on March 4, 2003, claiming several embodiments of her pet treat dispenser.

Plaintiff/Counterclaim-Defendant, The Kong Company LLC, has been selling, in the United States, a product it calls the "Kong Wobbler," which is a weighted pet toy with a dispenser for food and/or treats, designed such that it returns to an upright position upon being pushed or swatted by an animal's paw, for example.  Upon careful examination of the Kong Wobbler product, Ms. Ottosson has determined that it infringes the '912 patent.  Accordingly, Ms. Ottosson has brought a counterclaim for infringement of the '912 patent in this action.

Ms. Ottosson seeks a permanent injunction, monetary damages and other relief to which she is entitled under the Patent Act.

### 4.    UNDISPUTED FACTS

The following facts are undisputed:

1.      Kong is a Colorado limited liability company, having its principal place of business at 16191-D Table Mountain Parkway, Golden, Colorado 80403.

2.      Ottosson is an individual having a place of residence at Sjoasvagen 2, 41 Karlskoga, Sweden.

3.      ZAP is a Swedish AB Company having a principal place of business at Maskinvagen 22, 691 37 Karlskoga, Sweden.

4.      COA is a limited liability company, having its principal place of business at 480 Barnum Avenue, Bridgeport, Connecticut 06608.

5.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq*.

6.      The Court has subject matter jurisdiction over the claims asserted in this case.

### 5.  COMPUTATION OF DAMAGES

Ms. Ottosson cannot provide a computation of damages until discovery is taken. However, she seeks damages under 35 U.S.C. §§ 283, 284, and 285.

### 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED.R.CIV.P. 26(f)

a.      A Rule 26(f) meeting was held on February 10, 2011.

b.      Todd Blakely and James Burke participated in the Rule 26(f) meeting on behalf of Kong and Darren Saunders participated on behalf of Ottosson and ZAP.

c.      The parties propose no changes to the timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

d.      The parties served their respective 26(a)(1) Disclosures on February 18, 2011.

e.      There are no agreements to conduct informal discovery.

f.      The parties have agreed to utilize a unified exhibit numbering system in this case.  The parties also understand that discovery and other litigation costs may be reduced, for example, through telephone depositions, joint repositories for documents, use of discovery

from other cases, and extensive use of expert affidavits to support judicial notice.  At this time, however, the parties have come to no further agreements on these issues.

g.    The parties do not believe that it will be necessary to conduct substantial discovery involving information or records maintained in electronic form.  The parties have agreed to cooperate to the extent discovery involving electronically stored information is found to be necessary.

h.    The parties, through counsel, have discussed settlement.  The discussions have been preliminary and, to date, no settlement has been reached.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction by a Magistrate Judge.

## 8. DISCOVERY LIMITATIONS

a.    Each side shall be limited to ten (10) depositions and each part may be served with up to twenty-five (25) interrogatories, including subparts.

b.    No deposition shall extend beyond seven (7) hours of testimony.

c.    The parties shall not be limited in their requests for production of documents or requests for admission.

d.    Other Planning or Discovery Orders:

1.    The Court will need to construe various issues of patent claim construction pursuant to Markman v. Westview Instruments.  As discussed with Judge Brimmer at the Rule 16 hearing held on January 27, 2011, it is the parties' current belief that claim interpretation issues, if necessary, will be combined with Summary Judgment motions, briefings and/or hearings.

Pursuant to Judge Brimmer's January 27 Order, if either party believes a Markman hearing is needed, the party will file a motion requesting a Markman hearing.

## 9. CASE PLAN AND SCHEDULE

a.      Unless otherwise ordered, for good cause, the time period within which to join other parties and to amend the pleadings shall be no later than forty-five (45) days after the date of this Scheduling Conference, unless the basis for the joinder or amendment arises or is first learned during the course of discovery, in which case the motion to join/amend shall be made within one (1) month therafter.

b.   Discovery Cut-off:

Plaintiff proposes:

Fact discovery shall be completed by September 30, 2011.

Expert discovery shall be completed by September 30, 2011.

Defendants propose:

Fact discovery shall be completed by November 30, 2011.

Expert discovery shall be completed by November 30, 2011.

c.   Dispositive Motion Deadline:

Any and all motions for summary judgment shall be filed no later than two months following conclusion of fact discovery.

d.      Expert Witness Disclosure

1.      The parties anticipate they may utilize one damages expert and one technical expert.

2.      The parties shall designate all experts and provide opposing counsel and

any *pro se* parties with all information specified in Fed. R. Civ. P. 26(a)(2)

on or before:

Plaintiff  proposes:

August 12, 2011.

Defendants  propose:

October 12, 2011.

3.      The parties shall designate all rebuttal experts and provide opposing

counsel and any *pro se* party with all information specified in Fed. R. Civ.

P. 26(a)(2) on or before:

Plaintiff proposes:

September 2, 2011.

Defendants propose:

November 2, 2011.

e.      Identification of Persons to Be Deposed:

The parties agree that it is difficult to predict the identities of all potential deponents at

this early stage in this litigation.  They anticipate, however, that they may take the following

depositions, with the express understanding that depositions of additional individuals and/or

parties may be necessary as they are identified during discovery:

**Plaintiff:**

| Name Of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Nina Ottosson | To be determined | To be determined | 7 hours |

| Zoo Active Products AB 30(b)(6) | To be determined | To be determined | 7 hours |
| Roger Mugford | To be determined | To be determined | 7 hours |
| Company of Animals 30(b)(6) | To be determined | To be determined | 7 hours |
| Third-Party Manufacturer of Pet Products | To be determined | To be determined | 7 hours |
| Third-Party Manufacturer of Pet Products | To be determined | To be determined | 7 hours |

**Defendants:**

| Name Of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
| --- | --- | --- | --- |
| The Kong Company LLC 30(b)(6) | To be determined | To be determined | 7 hours |
| Joseph P. Markham, President | To be determined | To be determined | 7 hours |
| Chuck Costello | To be determined | To be determined | 7 hours |
| Laura Bender | To be determined | To be determined | 7 hours |
| Third Party Sellers of Kong Wobbler Products | To be determined | To be determined | 7 hours |

The above list is not exhaustive and the parties agree that the dates and times of the above-noted depositions still need to be scheduled and are thereafter subject to change.  The parties reserve the right to depose additional witnesses as their identity becomes known and expert disclosures are made.

> f.      Deadline for Interrogatories:

Interrogatories are to be served no earlier than February 27, 2011, and no later than thirty (30) days prior to the close of fact discovery.

> g.      Deadline for Requests for Production of Documents and/or Admissions:

8

Requests for production and/or admissions are to be served no earlier than February 27, 2011, and no later than thirty (30) days prior to the close of fact discovery.

h.    The parties agree that discovery requests will at least be served by email, in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served.

## 10. DATES FOR FURTHER CONFERENCES

a.    A settlement conference will be held on _____ at o'clock __.m.  It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )    *Pro se* parties and attorneys only need be present.

( )    *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )    Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.    Status conferences will be held in this case at the following dates and times:

_____

c.    A final pretrial conference will be held in this case on _____ at _____ o'clock _____ .m.    A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

9

## 11. OTHER SCHEDULING MATTERS

a.      There are no discovery or scheduling issues upon which counsel were unable

to reach an agreement.

b.      Kong intends to ask for a jury trial.  The parties anticipate that the length of the

jury trial in this matter is no more than five (5) full days, exclusive of jury selection.

c.      The parties believe there are no pretrial proceedings that would be more

efficiently or economically conducted in the District Court's facility in Colorado Springs,

Colorado.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with

D.C.COLO.LCivR 6.1 D. by submitting proof that a copy of the motion has been served upon

the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial

Procedures or Practice Standards established by the judicial officer presiding over the trial of this

case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a

copy of a notice of change of his or her address or telephone number with the clerk of the

magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy

of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's

address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13.   AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of _____, 2011.

BY THE COURT:


_____
United States Magistrate Judge


APPROVED:

| | |
|---|---|
| s/ James M. Burke             | s/ Darren W. Saunders               |
| Todd P. Blakely | Darren W. Saunders, Esq. |
|     tblakely@sheridanross.com | Hiscock & Barclay LLP |
| Brent P. Johnson | Seven Times Square |
|     bjohnson@sheridanross.com | New York, NY  10036 |
| James M. Burke | |
|     jburke@sheridanross.com | ATTORNEYS FOR DEFENDANTS |
| SHERIDAN ROSS P.C. | |
| 1560 Broadway, Suite 1200 | |
| Denver, Colorado  80202-5141 | |
| Telephone:      303-863-9700 | |
| Facsimile:       303-863-0223 | |
| E-mail:litigation@sheridanross.com | |
| | |
| ATTORNEYS FOR PLAINTIFF | |

11